[Civ. No. 801. Fourth Appellate District.—April 27, 1933.]

TRADERS CREDIT CORPORATION, LTD. (a Corporation), Appellant, v. RADIN & KAMP, INC. (a Corporation), Respondent.

Stimmel & Grupp for Appellant.

Frank Kauke for Respondent.

MARKS, J.—Listenwalter & Gough, Inc., and the Kaemper-Barrett Corporation, Ltd., were corporations. They sold washing-machines and ironers to L. W. Clifford. The unpaid balance of their accounts with Clifford were assigned to appellant for collection. Respondent is a corporation operating a department store in the city of Fresno, wherein L. W. Clifford leased space and conducted the business of selling these washing-machines and ironers. He disappeared in January, 1931, leaving an unpaid balance of $3,153.11 due appellant's assignors. This action is brought to recover judgment against respondent for this amount.

The evidence shows clearly that Clifford had no actual authority to order the merchandise for respondent or to have it charged to its account. If appellant is 'to recover at all it must do so upon the theory either of ostensible agency or estoppel.

Ostensible agency is defined by section 2300 of the Civil Code as follows: "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent· who is not really employed by him."

The liability of a principal for the acts of an ostensible agent is defined by section 2334 of the Civil Code as follows: "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof."

The necessary elements of an ostensible agency are set forth in 1 California Jurisprudence, page 739, as follows: "There are two essential features of an ostensible authority, viz., the third person must believe that the agent had authority, and such belief must be generated by some act or neglect of the person to be held. To state the same requirements in different terms and in reverse order, there must be some intentional conduct or neglect on the part of the alleged principal creating a belief in the minds of third persons that an agency exists, and a reasonable reliance thereon by such third persons."

Appellant admits the true rule that an estoppel cannot occur unless the one to be estopped has, by some act or omission, induced another to believe in the existence of a particular state of facts and the other acts on such belief to his prejudice.

The first order given by Clifford was taken by a salesman of Listenwalter & Gough at Clifford's place of business in the Radin & Kamp store. It was written by the salesman on a Listenwalter & Gough order blank and signed "L. W. Clifford". There is nothing to indicate that Clifford was acting in any other than his individual capacity in giving the order, although the agent wrote in it, "Charge to Radin & Kamp. Town—Fresno." This is a sample of several other orders signed by Clifford. Others were made out in San Francisco by the employees of appellant's assignors when orders were received from Clifford over the

telephone. All merchandise was shipped to "Radin & Kamp" at Fresno and delivered to Clifford through the receiving room of respondent. No one connected with respondent had any knowledge of these deliveries except the receiving clerk and Clifford.

Invoices and statements of account were mailed to Radin & Kamp at Fresno. They were apparently taken from the mail by Clifford, for they did not come to the knowledge of any officer, agent or employee of respondent until December 2, 1930, after practically all of the merchandise had been delivered to Clifford. On that date respondent wrote Kaemper-Barrett Corporation, Ltd., which had then succeeded to the business formerly conducted by Listenwalter & Gough, in part as follows: "Radin & Kamp are not responsible in any manner, shape or form for merchandise purchased by Mr. Clifford, and therefore, cannot accept these trade acceptances made out in the name of Radin & Kamp."

Clifford wrote one letter on Radin & Kamp stationery which he signed individually. He sent three telegrams to appellant's assignors which he signed "Radin & Kamp". No responsible officer, agent or employee of respondent knew of the letter or telegrams and no direct or implied authority to Clifford to sign "Radin & Kamp" to the telegrams was shown.

The evidence falls far short of establishing either an ostensible agency or an estoppel and the trial court found against both. The findings are supported by a preponderance of the evidence and the judgment is supported by the findings of facts and conclusions of law.

Appellant has specified many assignments of error upon rulings of the trial court in the admission or rejection of evidence. Its arguments in support of these assignments are all based upon the mistaken assumption that estoppel was established by the evidence. None of these assignments of error possesses any merit.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 26, 1933.